## THE STEAM-SHIP MISSISSIPPI.

*(District Court, D. Massachusetts.   February 11, 1881.)*

1. USE OF DRY DOCK — MARITIME CONTRACT — WHARFAGE — MARITIME LIEN — MASS. GEN. ST. c. 151, § 1.

NELSON, D. J.   Libel by the Simpson Patent Dry Dock Company, a Massachusetts corporation, to enforce against the steam-ship Mississippi, owned and registered in this port, a lien for the use of a dry dock in Boston. The libel alleges

that in the year 1879 the steam-ship Mississippi, then lying in the port of Boston, stood in need of certain supplies, disbursements, and services to render her seaworthy, and to enable her to proceed on her intended voyage; that the libellants, at the request of the master or agents of the steam-ship, furnished a berth in their dry-dock yard for the steam-ship to lie in while undergoing said repairs, the wharfage or dockage whereof amounts to $519; that said berth or wharfage or dockage was necessary for said steam-ship, and was furnished upon the credit of the vessel. It appeared that after leaving the dry dock the steam-ship made a voyage to the Western islands and Madeira and return, and that no statement of the libellants' claim was ever filed in the city clerk's office.

Upon these facts the court decided as follows:

1. The contract for the use of the dry dock was a maritime contract, and as such is cognizable in the admiralty.

2. The accomodation furnished was not wharfage.

3. For such service furnished at her home port no lien attached to the vessel under the general maritime law.

4. For such service a lien is given by the Mass. Gen. St. c. 151, § 1, which enacts that "when, by virtue of a contract, expressed or implied, with the owners of a ship or vessel, or with the agents, contractors, or subcontractors of such owners, or any of them, or with any person having been, employed to * * * repair * * * such ship or vessel, or to assist them, money is due to any person for labor performed, materials used, or labor or materials furnished in the * * * repairs of * * * or for provisions, stores, or other articles furnished for or on account of such ship or vessel in this state, such person shall have a lien upon the ship or vessel, her tackle, apparel, and furniture, to secure the payment of such debt." This lien may be enforced in the admiralty.

5. The lien given by the statute was lost by the failure of the libellants to comply with the second section of the act, which provides that the lien shall be dissolved unless a sworn statement of the claim is filed with the clerk of the city or town within four days from the time the ship or vessel departs from the port.

Libel dismissed.